# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

HELEN COLLINS,                  :
                                     :

     Plaintiff,              :

                                       :       Civil Action No. 5:07-cv-113 (HL)

     v.                        :

                                       :

**JEFFERSON PILOT FINANCIAL**      :
**INSURANCE COMPANY,**           :

                                       :

     Defendant.           :

_____

# ORDER

Plaintiff filed suit in this Court alleging diversity as the basis for federal jurisdiction. As part of the Court's initial file review process, the Court must determine whether a proper jurisdictional basis exists for each case. As such, Plaintiff bears the burden of proving that federal jurisdiction exists. Williams v. Best Buy Co., Inc., 269 F.3d 1316,1319 (11th Cir. 2001) (citing Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)).

Diversity jurisdiction, pursuant to 28 U.S.C. § 1332, requires a case between citizens of different states and an amount in controversy exceeding $75,000. In addition, "complete diversity" must exist between all parties for the court to retain jurisdiction; this means that every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Defendants have not established diversity of citizenship.

Although, there is no statutory definition of citizen, with regard to natural persons, federal courts hold that citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile

generally requires physical presence in the state and the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. (quoting <u>Mas v. Perry</u>, 489 F.2d 1396, 1399 (5th Cir. 1974)).[1] Further, a person may reside in one place but be domiciled in another. <u>Miss. Band of Choctaw Indians v. Holyfield</u>, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). Therefore, mere residency is not enough to establish citizenship for diversity jurisdiction.

Further, a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (2000). Although not defined by federal statue, a corporation's principal place of business has been defined by federal case law. The Eleventh Circuit Court of Appeals has adopted the "total activities" test to determine a corporation's principal place of business. <u>See</u> <u>Vareka Investments, N.V. v. American Investment Properties, Inc.</u>, 724 F.2d 907, 910 (11th Cir.1984). "Under this test, if a corporation conducts the vast majority of its physical operations in a particular state, that state will contain its principal place of business; however, if a corporation's physical activities are negligible or are dispersed across several states, 'the nerve center, or corporate offices, will be the principal place of business.'" <u>MacGinnitie v. Hobbs Group</u>, 420 F.3d 1234, 1239 (11th Cir. 2005) (quoting <u>Toms v. Country Quality Meats, Inc.</u>, 610 F.2d 313, 315 (5th Cir. 1980). Accordingly, in order to establish the

---

[1]  Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981).

citizenship of a corporation it is necessary to allege not only under which state's law the corporation was incorporated, but also in which state the corporation's principal place of business is location.

Here, Plaintiff has failed to meet her burden. Plaintiff alleges she is a resident of Macon, Bibb County, Georgia and that Defendant Jefferson Pilot Financial Insurance Company, is a foreign corporation organized and existing under the laws of the State of New Hampshire. Plaintiff's allegations are not sufficient to establish the citizenship of Plaintiff or Defendant. Accordingly, Plaintiff fails to allege complete diversity.

As Plaintiff's allegation regarding diversity of citizenship is insufficient to establish federal diversity jurisdiction, Plaintiff has twenty days, from the entry of this order on the docket, to properly allege diversity jurisdiction. If Plaintiff fails to do so, the case will be remanded to the State Court of Bibb County for lack of jurisdiction.

**SO ORDERED**, this the 2nd day of April, 2007.


_s/   Hugh Lawson_____
**HUGH LAWSON, Judge**

eab

3